# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs November 24, 2009

## STATE OF TENNESSEE v. JONATHAN JASPER SMITH

**Appeal from the Circuit Court for Sullivan County**
**Nos. S54,953 and S56,244    R. Jerry Beck, Judge**

---

**No. E2009-01235-CCA-R3-CD - Filed May 12, 2010**

---

The Defendant, Jonathan Jasper Smith, entered guilty pleas in the Sullivan County Circuit Court to one count of attempting to obtain narcotics by fraud, a Class D felony, and one count of possession of drug paraphernalia, a Class A misdemeanor. Pursuant to the plea agreement, the Defendant received concurrent sentences of two years as a Range I, standard offender, and eleven months twenty-nine days, respectively. In a separate case, the Defendant pled guilty to violation of a habitual traffic offender order, a Class E felony; speeding, a Class C misdemeanor; and failure to show proof of financial responsibility, a Class C misdemeanor. He received an effective sentence of two years for these offenses to be served consecutively to the drug-related cases. The manner of service was left to the trial court's determination. Following an alternative sentencing hearing, the trial court denied probation and all other forms of alternative sentencing. In this appeal as of right, the Defendant contends that the trial court erred in denying him alternative sentencing. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court
are Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Stephen M. Wallace, District Public Defender; and Andrew J. Gibbons, Assistant Public Defender, attorneys for appellant, Jonathan Jasper Smith.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Janine Mynatt,

Assistant District Attorney General, attorneys for appellee, State of Tennessee.

**OPINION**

The record reflects that on November 24, 2008, the Defendant pled guilty in case number S54,953 to attempting to obtain narcotics by fraud and possession of drug paraphernalia. Pursuant to the plea agreement, he received an effective sentence of two years. The trial court reserved ruling on the Defendant's request for alternative sentencing pending the completion of the presentence investigation report. On January 17, 2009, the Defendant was arrested for various driving offenses. On May 28, 2009, he pled guilty in case number S56,244 to driving in violation of a habitual traffic offender order, speeding, and failure to show proof of financial responsibility. Pursuant to the plea agreement in this case, the Defendant received an effective sentence of two years to be served consecutively to the sentence in case number S54,953 – resulting in a total effective sentence of four years.

At the May 28, 2009 alternative sentencing hearing, the Defendant testified that he was employed and lived with his girlfriend of fifteen years and their two children, ages ten and two. He acknowledged his lengthy criminal record but stated that the majority of his offenses stemmed from his alcohol and drug abuse. He testified that he began drinking at the age of fourteen and that his alcoholism grew so severe that he developed pancreatitis before reaching thirty years of age. The Defendant also admitted that he had abused cocaine and prescription pills in the past. He asked the trial court to order substance abuse treatment as part of his sentencing decision. He also acknowledged that he had previously attended drug treatment as a condition of probation but had "always violated for something before [he] got to complete it."

The Defendant's mother, Susan Mitchell Smith, testified that she had "seen him turn around" since he spent some time in jail for these offenses. She stated that she had forced him to treatment in the past but now she knows that he wants to overcome his addiction. The Defendant's long-time girlfriend, Robin Renee Lawson, testified that since the Defendant's release from jail three months prior to the hearing, she had seen a change in the Defendant. She stated that she had not seen him intoxicated and that he had shown a desire to get treatment to overcome his addiction.

The trial court noted that the Defendant had "been in some type of trouble from the time he was about 19 years old, even before that." The trial court acknowledged that the Defendant was working and had obtained his graduate equivalency diploma but still stated that it had "no confidence if I let him go that he would not go out and commit a new crime." The trial court also noted with concern that the Defendant committed the new offenses while on bond from the drug-related offenses. In denying the Defendant's request for alternative

2

sentencing the trial court stated:

> I'm sure he is dope addicted or drug addicted. He says he – early on he was sent to various counseling [facilities] even as a juvenile, I believe, and he'd get revoked before he completed the program.
>
> I've considered residential community corrections. . . .
>
> His report is basically negative. Probation after probation; offense after offense since he was a teenager. Even while one of these cases [was] pending he's out committing a new felony.
>
> The Court's of the opinion that he would most likely continue what he has been doing, and that is commit new crimes. Almost totally negative report.
> . . .
> He'll be required to serve his sentence.
> . . . .
> Probation [and] all other forms of alternative sentencing [are] denied.

## ANALYSIS

On appeal, the Defendant argues that the record fails to show that the trial court considered all relevant sentencing principles in its denial of alternative sentencing.

An appellate court's review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d) (2003). As the Sentencing Commission Comments to this section note, on appeal the burden is on the defendant to show that the sentence is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, the court may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). However, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In this respect, for the purpose of meaningful appellate review:

> [T]he trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. Tenn. Code Ann. § 40-35-210(f)

3

(1990).

State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1994).

In conducting its de novo review, the appellate court must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210 (2006); see Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229, 236-37 (Tenn.1986).

The Defendant was convicted of a Class D felony (and lesser classes of offenses). Therefore, he was to be "considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6) (2006). However, this consideration does not automatically entitle a defendant to alternative sentencing; rather, sentencing issues must be determined by the facts and circumstances presented in each case. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987) (citing Moss, 727 S.W.2d at 235). The defendant must establish his suitability for alternative sentencing. Tenn. Code Ann. § 40-35-303(b). In determining a defendant's suitability for alternative sentencing, the trial court should consider whether (1) confinement is needed to protect society by restraining a defendant who has a long history of criminal conduct, (2) confinement is needed to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to people likely to commit similar offenses, or (3) less restrictive measures than confinement have frequently or recently been applied unsuccessfully to the defendant. Ashby, 823 S.W.2d at 169 (citing Tenn. Code Ann. § 40-35-103(1)(A)-(C)). A trial court should also consider a defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code. Ann. § 40-35-103(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996).

Relative to its denial of alternative sentencing, the trial court expressed significant concern over the Defendant's long history of convictions and failed attempts at probation and substance abuse treatment. The presentence report documents twenty-eight convictions for alcohol or drug-related offenses and property offenses occurring during the twelve years of the Defendant's adulthood. The Defendant's history also contains two juvenile adjudications for alcohol and marijuana-related offenses. Also apparent from his adult criminal history are at least two past failed attempts at probation. The trial court noted the Defendant's favorable

4

work history and his completion of his GED. However, the trial court's comments clearly indicate a concern with the Defendant's potential for rehabilitation and likelihood to re-offend in light of his past failed attempts at probation and substance abuse treatment. These concerns are supported by the record. We conclude that the trial court gave appropriate consideration to the sentencing factors in arriving at its determination. Accordingly, we conclude that the trial court properly denied alternative sentencing in this case.

CONCLUSION

In consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
D. KELLY THOMAS, JR., JUDGE